**William URBANSKI, Respondent,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 280, Self-Insured, Relator,**

**and**

**Special Compensation Fund, Respondent.**

No. C5–89–1009.

Supreme Court of Minnesota.

Oct. 13, 1989.

Andrew J. Morrison, St. Paul, for relator.

Hubert H. Humphrey, III, Atty. Gen. and Rory H. Foley, Sp. Asst. Atty. Gen., St. Paul, for respondent.

KELLEY, Justice.

We review on certiorari a decision of the Workers' Compensation Court of Appeals affirming a penalty assessment made by the workers' compensation division of the Department of Labor and Industry under Minn.Stat. § 176.221, subd. 3 (1986) (later amendment not relevant to this appeal), for late payment of benefits. At issue is whether the penalty provision applies to an employer who fails to promptly report a work injury to the department but pays full wages to an employee under a wage continuation program prior to reporting the injury.

In January 1986, William Urbanski, an employee with Independent School District No. 280, had surgery for a work-related carpal tunnel injury. He was off work from January 6 until February 18. Because the employer had a wage continuation program under which full-time employees received regular wages in lieu of workers compensation benefits, the employee was paid full wages during this time although some of his accrued sick leave was deducted from his payroll records. It was not until March 1988, that the employer reported the injury to the Department of Labor and Industry, made a liability determination, and reinstated the employee's sick leave. As a result, the department assessed a penalty against the employer under section 176.221, subd. 3 for late payment of benefits. A compensation judge allowed the penalty assessment and the Workers' Compensation Court of Appeals affirmed on appeal. By writ of certiorari, the employer has sought review by this court arguing that the penalty provision in question does not apply in this case because the employee received full wages during the time of his work-related total disability prior to the reporting of the injury.

Section 176.221 deals with the employer's obligation to commence payment for certain workers compensation benefits and provides penalties for abusing certain obligations under the Act. Subdivisions 3 and 9 of section 176.221 provide:

> Subd. 3. **Penalty.** If the employer or insurer does not begin payment of compensation within the time limit prescribed under subdivision 1 or 8, the commissioner may assess a penalty, payable to the special compensation fund, of up to 100 percent of the amount of compensation to which the employee is entitled because of the injury to receive up to the date compensation payment is made to the employee or the compensation to which the employee is entitled to receive up to the date the penalty is imposed, in addition to any other penalty otherwise provided by statute. This penalty may also be imposed on an employer or insurer who violates section 176.242 or 176.243

including, but not limited to, violating the commissioner's decision not to discontinue compensation.

\* \* \* \* \* \*

**Subd. 9. Payment of full wages.** An employer who pays full wages to an injured employee is not relieved of the obligation for reporting the injury and making a liability determination within the times specified in this chapter. If the full wage is paid the employer's insurer or self-insurer shall report the amount of this payment to the division and determine the portion which is temporary total compensation for purposes of administering this chapter and special compensation fund assessments. The employer shall also make appropriate adjustments to the employee's payroll records to assure that the employee's sick leave or vacation time is not inappropriately charged against the employee, and to assure the proper income tax treatment for the payments.

Minn.Stat. § 176.221, subd. 3, subd. 9 (1986). The Workers' Compensation Court of Appeals determined that where, under subdivision 9, the employer's obligation to act in a timely manner continued, the compensation judge did not err in allowing a penalty for the late payment of compensation under subdivision 3. It also appears the Workers' Compensation Court of Appeals felt that a penalty was justified under subdivision 3 because full payment of wages during a period of disability caused by a work injury does not necessarily protect an injured employee's rights under the Workers' Compensation Act.

We share the concerns of the Workers' Compensation Court of Appeals about the need for prompt reporting of work injuries to the Department of Labor; mere payment of full wages does not satisfy the employer's obligations under the Act to the injured employee. Given the potential for abuse and prejudice to employees not fully aware of their rights under the Act, it is certainly within the province of the legislature to provide for penalties in this situation.[1]

However, the statutory provision in question is a penalty provision. From our reading of the language of subdivision 3 and subdivision 9, it does not expressly appear that the penalty provision of subdivision 3 applies to an employer who pays an injured employee full wages during a period of disability. Absent a clear directive by the legislature that a failure to promptly report the injury under the circumstances set forth in subdivision 9 would subject employers to penalties pursuant to subdivision 3, we will not infer that they may be so assessed. If we have misperceived the legislature's intent, the issue may be clarified by statutory amendment.

Reversed.

1. At the administrative hearing in this case, counsel for the Department of Labor and Industry made the following policy reasons for assessing a penalty even though an employee receives full wages:

It's been suggested by some that, well, this is just a technicality and it's not really very important, as long as the Employee gets his money what's the big deal. But the Department views this as not just a technicality, that it's important for the Employee, that the Employee needs to know whether the medical bills will be paid, whether he can get future treatment and expect that those bills will be paid. He needs to know whether his sick leave is going to be used for his absence and whether that will deplete his sick leave and possibly there won't be any benefits left. The Employee also needs to know whether rehabilitation benefits are going to be available. \* \* \* There's also the problem of monitoring, that if the claim isn't reported promptly and if it doesn't enter the workers' compensation system, then the employee isn't notified of his rights. Such as in this case where the rights brochure went out in March, it would have gone out at an earlier time if the claim had been submitted at an earlier time.